IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC M. WHITE, )<br>)<br>Defendant. ) | Criminal Action No.<br>07-00230-01-CR-W-NKL |

### REPORT AND RECOMMENDATION
### TO ACCEPT DEFENDANT'S GUILTY PLEA

On August 2, 2007, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette K. Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### *I. BACKGROUND*

On July 18, 2007, Defendant waived indictment and an information was filed charging him with one count of traveling in interstate commerce to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). A change-of-plea hearing was held on August 2, 2007. Defendant was present, represented by retained counsel Tom Bath. The government was represented by Assistant United States Attorney Katharine Fincham. The proceedings were recorded and a transcript of the hearing was filed on August 7, 2007.

### *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and

the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On July 18, 2007, Defendant waived indictment and an information was filed charging him with one count of traveling in interstate commerce to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 4).

3. The statutory penalty for traveling in interstate commerce to engage in illicit sexual conduct with a minor is not more than thirty years imprisonment, a fine of not more than $250,000, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 4-5). Defendant was informed of the penalty range and indicated that he understood (Tr. at 4-5).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

3

  b. That he has the right to assistance of counsel throughout the trial (Tr. at 5-6);

  c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6-7);

  d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7);

  e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7);

  f. That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7-8); and

  g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8-9).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 9).

6. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9-10).

7. There has been open file discovery in this case (Tr. at 10).

8. Defense counsel stated that he had reviewed the government's file and confirmed

4

from his own independent investigation that it was wise for his client to plead guilty (Tr. at 10).

9. Defendant was placed under oath (Tr. at 10). Defendant testified that sometime around August 31, 2006, he traveled from Lawrence, Kansas to Kansas City, Missouri, to engage in illicit sexual conduct with a minor (Tr. at 11). At the time he traveled across the state line, Defendant knew it was for an illicit purpose and that doing so was probably against the law (Tr. at 11-12).

10. Defendant stated that he had reviewed the plea agreement with his attorney and understood the terms of the agreement (Tr. at 12). I then reviewed the terms of the plea agreement with Defendant (Tr. at 12-22). The parties agreed to striking the second sentence of paragraph 10(a); this paragraph now reads, "The Sentencing Guidelines do not bind the Court and are advisory in nature" (Tr. at 19-20). Pursuant to the plea agreement, Defendant will be sentenced to 60 months; if Judge Laughrey does not accept the agreement, Defendant may withdraw his guilty plea (Tr. at 15-16, 17-19).

11. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 22).

12. Defendant is satisfied with the representation he has received from Mr. Bath (Tr. at 22). There is nothing he has done that Defendant did not want him to do, and there is nothing he wanted him to do that he has not done (Tr. at 22).

13. Defendant is twenty-six years old and has a bachelor's degree (Tr. at 23). He reads, writes, and understands the English language quite well and did not have any difficulty understanding the change-of-plea proceeding (Tr. at 23). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to these

charges (Tr. at 23-24). Defendant was not under the influence of drugs, alcohol, or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 23).

14. Defendant tendered a plea of guilty to the information (Tr. at 24).

## IV. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for traveling in interstate commerce to engage in illicit sexual conduct with a minor include: (1) interstate travel; and (2) the intent to engage in prohibited sexual conduct with a minor. See 18 U.S.C. § 2423(b); see also United States v. Blazek, 431 F.3d 1104, 1108 (8th Cir. 2005); United States v. Bredimus, 352 F.3d 200, 208 (5th Cir. 2003)(citing United States v. Gamache, 156 F.3d 200 (1st Cir. 1998)).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the act charged in the information.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 8, 2007

7